UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JULIO ANGULO,

     Plaintiff,

v.

FIRST SERVICE RESIDENTIAL FLORIDA, INC.,

     Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, JULIO ANGULO (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, FIRST SERVICE RESIDENTIAL FLORIDA, INC. (hereafter referred to as "Defendant") and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., and American with Disabilities Act of 1990, 42 U.S.C. Sec. 1211, et seq. ("ADA")., to redress injuries resulting from Defendant's unlawful, race & disability discriminatory treatment against Plaintiff.

### PARTIES

2. Plaintiff, JULIO ANGULO, is an adult, male resident of Miami-Dade County, Florida.

3. Defendant, FIRST SERVICE RESIDENTIAL FLORIDA, INC. is a Florida corporation authorized to conduct business in the State of Florida and in Miami-Dade County, Florida.

4. Defendant is a "person" and/or an "employer" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq. since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

5. Defendant is a "person" within the purview of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

6. At all times material hereto Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

7. At all times hereto, Plaintiff was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

8. At all times material hereto, Plaintiff is an "employee" within the meaning of the ADA 42 U.S.C. Sec. 1211, et seq.

9. At all times material hereto, Defendant is an "employer" within the meaning of the ADA 42 U.S.C. Sec. 1211, et seq.

## JURISDICTION AND VENUE

10. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§131, 1343, and 1367.

11. Venue is proper because the events/employment practices alleged in this Complaint to be unlawful were committed in Miami-Dade County, within jurisdiction of this Honorable Court.

12. Plaintiff filed a charge of discrimination against Defendant with the Equal Opportunity Commission (hereafter referred to as "EEOC") and the Florida Commission on Human Relations (hereafter referred to as "FCHR").

13. Plaintiff files this complaint within 90 days after receiving a Notice of Right to Sue from the EEOC.

14. All conditions precedent for the filing of this action before this Honorable Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

15. Plaintiff is the only black individual who worked for Defendant at the time of his employment at his workplace. Plaintiff is a member of a class of persons protected from discrimination in his employment under Title VII of the Civil Rights Act, as amended.

16. On or about the year 2016, Plaintiff became employed by Defendant as a receiving supervisor. When Plaintiff was hired by Defendant, Plaintiff informed Defendant that he suffered from ulcerative colitis, a condition that required special accommodations that were initially granted to Plaintiff when requested.

17. Examples of the work accommodations granted to Plaintiff for his ulcerative colitis were being allowed the day off to go to medical appointments or when he experienced flare-ups, as well as having longer lunch breaks to be able to eat properly.

18. Everything was going well for Plaintiff until a new property manager, Mrs. Dominic Clavijo, who is white, began working for Defendant.

19. A few weeks after Mrs. Dominic Clavijo began working there, she began enforcing a strict 30-minute lunch break policy for all employees. When Plaintiff informed Mrs. Dominic Clavijo of his medical condition and lunch break accommodation, Mrs. Dominic Clavijo

stated that she needed a signed letter from his PCP to have such accommodation respected. Plaintiff promptly provided Mrs. Dominic Clavijo the documentation she requested to prove his medical condition.

20. Even after providing Mrs. Dominic Clavijo all of the documents requested by her for Plaintiff to have his lunch break work accommodation recognized, Mrs. Dominic Clavijo kept enforcing the 30-minute lunch policy and began harassing Plaintiff that he was taking longer than allotted to all employees. At this point a hostile workplace was created for Plaintiff by Mrs. Dominic Clavijo.

21. Soon after the situation between Plaintiff and Mrs. Dominic Clavijo concerning his lunch break became an issue, Mrs. Dominic Clavijo also began questioning Plaintiff regarding his work performance, which was never in question before Mrs. Dominic Clavijo was hired.

22. Mrs. Dominic Clavijo also began demanding that Plaintiff adhere to a daily inventory of all parcels in receiving, contrary to the well-established system of weekly inventory practiced by Defendant. Plaintiff explained to Mrs. Dominic Clavijo that the daily inventory is very inefficient and practically impossible to accomplish, which angered her and caused her to retaliate against Plaintiff.

23. Angered by Plaintiff's suggestion, Mrs. Dominic Clavijo brought in John Garnet, the employee coordinator, to evaluate Plaintiff's work quality. Mrs. Dominic Clavijo wanted for John Garnet to evaluate Plaintiff in a negative light to have a proper pretext to fire Plaintiff. However, John Garnet concluded that Plaintiff's work was exceptional, causing Mrs. Dominic Clavijo to become more enraged against Plaintiff.

24. A few days later after being told that Plaintiff's work was exceptional, Mrs. Dominic Clavijo informed Plaintiff that a former old colleague of her would join Plaintiff's team. Plaintiff was instructed by Mrs. Dominic Clavijo to train him upon his arrival, and to welcome him to his team.

25. When Mrs. Dominic Clavijo's old colleague joined Plaintiff's team, it was apparent to Plaintiff that the purpose of such placement was intentional to cause conflict towards him.

26. Mrs. Dominic Clavijo's old colleague would purposefully interrupt Plaintiff to cause delays in his work and refused to be trained by Plaintiff. Mrs. Dominic Clavijo's old colleague went as far as to use defiant tone when addressing Plaintiff, and back talked to him every time Plaintiff attempted to address him.

27. Plaintiff realized that Mrs. Dominic Clavijo's old colleague's behavior was intentional in a way for Mrs. Dominic Clavijo to have proper pretext to fire him, as Mrs. Dominic Clavijo wanted Plaintiff to react negatively and become the initial aggressor between both men, allowing her to fire Plaintiff. Plaintiff recognized the situation and treated Mrs. Dominic Clavijo's old colleague with the upmost respect and did not cause any problems as to avoid being fired due to the  potential conflict.

28. Plaintiff was subjected to high stress and hostile work environment at the hands of Mrs. Dominic Clavijo, which caused several flare ups to the level of potential organ failure due to his ulcerative colitis. Plaintiff would continue to miss days of work to treat his medical condition and lose wages for the days he did not work.

29. Plaintiff also realized that none of his co-workers, who are all white, were experiencing Mrs. Dominic Clavijo's hostile work policies or experiencing a hostile work environment.

Although similarly situated, Plaintiff was being treated differently due to his disability and race.

30. Being that her previous plans did not work, Mrs. Dominic Clavijo next plan in attempting to get Plaintiff fired was to force Plaintiff to enter contractor data into an excel spreadsheet using Mrs. Dominic Clavijo's personal laptop. This requirement caused heavy inconvenience to Plaintiff, as he could not use any other computer, but Mrs. Dominic Clavijo's personal laptop, which she carried around on her person and forced him to track her down through the day when he had to input the contractor data.

31. Even with the heavy inconveniences and hostile workplace, Plaintiff continued to strive and work in an exceptional matter to Defendant's standards.

32. On or about five months later after receiving the contractor data assignment, Plaintiff was confronted by Mrs. Dominic Clavijo to take on the responsibilities of the administrative assistant and increase his workload to the point where he can no longer handle all his responsibilities.

33. Plaintiff recognized that this was being done by Mrs. Dominic Clavijo to attempt to fire him again with pretext, so Plaintiff requested for a formal raise as part of taking on the responsibilities of the administrative assistant. Such a request angered Mrs. Dominic Clavijo, and she stormed out away from Plaintiff after suggesting a raise.

34. On March 11, 2021, Plaintiff was notified by Carolina Castro from Human Resources that he was terminated. No reason was provided why he was fired, and Plaintiff has never received any prior written or oral warning of his work performance prior to being fired.

35. As result of the wrongful termination, Plaintiff has hired unsigned counsel to pursuit a legal case against Defendant as to the facts of this case.

## COUNT I

### RACE DISCRIMINATION IN VIOLATION OF THE TITLE VII

36. Plaintiff realleges and reaffirms the allegations contained in the above paragraphs 1 through 35, as if fully set forth herein.

37. Defendant engaged in practices that willfully, intentionally, and unlawfully discriminated against Plaintiff based on his race.  Defendant has engaged in a pattern of continuous discrimination against Plaintiff because he is black.

38. Defendant was aware that Plaintiff was singled out for mistreatment in a discriminatory manner because of his race.  Defendant participated in, were aware of, and/or allowed the discrimination.  Defendant knew such actions were unlawful but acted in reckless disregard of the law.

39. Defendant's conduct complained of here was willful and in disregard of Plaintiff's protected rights.

40. Plaintiff would have continued in his employment with Defendant, entitled to his wages and benefits, but for the discriminatory conduct of Defendants.

41. As a direct and proximate result of Defendants' discriminatory acts and/or omissions, Plaintiff suffered an adverse employment action, termination, based on his race.

42. The conduct of Defendant, by and through the conduct of its employees, agents, and/or representatives, and the Defendant's endorsement of discriminatory activities, and Defendant's failure to address, mitigate, and/or take remedial actions to prevent such discrimination toward Plaintiff, deprived Plaintiff of his statutory rights under federal and state law.

43. As a result of Defendant's acts and/or omissions, Plaintiff suffered both irreparable injury and compensable damages.

44. Plaintiff was forced to retain undersigned counsel to prosecute his claims and is entitled to attorneys' fees pursuant to 42 U.S.C.A. § 1988, the Civil Right Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment for Plaintiff and against Defendant containing the following relief:

a. A declaratory judgment that the aforementioned actions, conduct, and practices of Defendants violate the laws of the United States and the State of Florida;

b. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all monetary and or economic harm;

c. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including, but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress, anxiety, emotional pain and suffering, emotional distress, and /or physical injuries;

d. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus pre-judgment interest;

e. An award of punitive damages;

f. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

g. Such other and further relief as the Court may deem just and proper.

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

45. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-35 above as is set out in full herein.

46. The American with Disabilities Act, 42 U.S.C. Sec. 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge or employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. Sec. 12112.

47. Plaintiff is a member of a protected class under the ADA.

48. Plaintiff was qualified for his position with Defendant but suffered adverse employment action as mentioned by the conduct described above. Defendant treated Plaintiff less favorably than similarly situated individuals outside his protected class that lead to his wrongful termination of his contract not being renewed.

49. Such discrimination was based upon the Plaintiff's disabilities or perceived disabilities. Plaintiff would not have been the subject of Defendant's discrimination but for the fact of his disabilities or perceived disabilities.

50. Plaintiff was fully qualified to be employed by Defendant and could perform all the essential function of the position held with Defendant.

51. Defendant is a covered employer to which the ADA applies.

52. Defendant constructively discharged Plaintiff from employment because of Plaintiff's disabilities or perceived disabilities.

53. Plaintiff performed his essential functions of the job without the reasonable accommodations.

54. Defendant's constructive discharge of Plaintiff on the basis of his disabilities or perceived disabilities violated the ADA. Regardless of his ongoing disability or perceived disability, Plaintiff was able to perform the essential functions of his position with or without reasonable accommodations.

55. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

56. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

57. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

58. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

59. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

60. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

61. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a.  Adjudge and decree the Defendant has violated the ADA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims.

Respectfully submitted,

By:/s/ *Elvis J. Adan*
Elvis J. Adan, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawyers.com

**GALLARDO LAW OFFICE, P.A.**
*Attorney for Plaintiff*
8492 SW 8th Street
Miami, Florida  33144
Telephone (305) 261-7000
Facsimile (786) 261-0088